

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MICHAEL LEROY CAMPBELL, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:07-4012-HFF-TER |
| | § | |
| LARRY POWERS, Director, et al., | § | |
| Defendants. | § | |

## ORDER

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' Motion for Summary Judgment (Doc. 28) be granted and this case dismissed in its entirety. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 28, 2009, and the Clerk fo Court filed Plaintiff's "Objection to Report and Recommendation" on February 10, 2009. In his "objections,"

however, Plaintiff merely reargues his motions for the appointment for counsel. He also "request[s] that [D]efendants['] motion for summary judgment . . . not be granted." (Objections 2.) In that Plaintiff failed to file any substantive objections to the Report, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Moreover, Plaintiff's failure to lodge specific objections to the Report waives appellate review. *See Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendants' motion for summary judgment (Doc. 28) be **GRANTED** and this case be **DISMISSED** in its entirety.

To the extent that Plaintiff's objections are construed as an appeal of the Magistrate Judge's Orders denying Plaintiff's motions for the appointment of counsel [Docs. 41 and 42] pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the Court is unable to say that the Magistrate Judge's decision was either clearly erroneous or contrary to law.

The Court abuses its discretion if it fails to appoint counsel when exceptional circumstances exist. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984). The existence of exceptional circumstances depends on the complexity of the case and the ability of the prisoner to present it. *Id.*

A review of the record indicates that this case is not complex and that Plaintiff has been able to adequately present his case, as demonstrated by his numerous submissions. He also filed a lengthy response to Defendants' motion for summary judgment. Thus, the Court is of the firm opinion that the Magistrate Judge did not err in denying Plaintiff's motions for appointment of counsel. Thus, those decisions are **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 10th day of February , 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.